IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL HARRISON,

      Plaintiff,

    VS.                                                                    1:24-cv-00724 KWR/JFR

ENRIQUE BURSZTYN,
RADIOLOGY ASSOCIATES OF ALBUQUERQUE,
THE BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF CURRY, PRESBYTERIAN
HEALTHCARE SERVICES, INC., PETER DURSO, *MD,*

      Defendants.


**ORDER DENYING MOTION TO REMAND**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand. Doc. 18. Plaintiff moves to remand this case for lack of subject matter jurisdiction. Defendant Presbyterian Health Services, Inc. ("Presbyterian") opposes remand, asserting that the Court has federal question jurisdiction, as Plaintiff asserts a cause of action under EMTALA, a federal statute. *See* 42 U.S.C. § 1395dd. As explained below, the Court has federal question jurisdiction as Plaintiff asserts a cause of action under a federal statute. The Court therefore denies the motion to remand.

In a prior case in this district, *Harrison v. Wellpath, LLC et al.*, 21-cv-395 (D.N.M.) the Court dismissed certain federal claims and declined to exercise supplemental jurisdiction over the remaining claims, dismissing those claims without prejudice. Judgment was entered on May 15, 2024 and no appeal was filed. Plaintiff subsequently filed a case in state court asserting the remaining claims. Defendant Presbyterian removed this case, asserting that Plaintiff asserts a federal claim against it, an EMTALA claim.

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff [ ] [is] aggrieved." *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) (citing *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)).

A federal district court has jurisdiction over cases in which "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). If the federal question does not appear on the face of the plaintiff's complaint, there is no federal question jurisdiction. *See Garley*, 236 F.3d at 1207. In determining whether a claim arises under federal law, courts examine the well-pleaded allegations of the complaint and ignore potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

The plaintiff's well-pleaded complaint "must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (*quoting Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotations omitted)). The well-pleaded complaint rule makes the plaintiff the master of his claim; a plaintiff, therefore, can draft a complaint that only invokes state law—thereby avoiding federal jurisdiction—even if federal law contains an equally feasible cause of action. *Nicodemus*, 440 F.3d at 1232; *Firstenberg*, 696 F.3d at 1023; *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1264 n.1 (10th Cir. 2004). A removing defendant must demonstrate, by a preponderance of the evidence, that a federal question exists based on the face of a plaintiff's well-pleaded complaint to properly remove a case from

state to federal court. *See McPhail,* 529 F.3d at 953-55; *Board of Cty. Comm. of Boulder Cty. v. Suncor Energy, Inc.*, 25 F.4th 1238, 1255 (10th Cir. 2022).

The Court issued an order for supplemental briefing. The Court explained that it was unclear whether Plaintiff asserts an EMTALA federal claim under Count V, or a state law medical negligence claim which references a federal statute to establish a standard of care, duty, or breach of duty. An EMTALA claim is a federal cause of action and would confer the Court with federal question jurisdiction. *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796 (10th Cir. 2001). Plaintiff quotes the following language in his response to the motion to remand, suggesting that he does not in fact assert a federal EMTALA claim:

> "Plaintiff is only seeking recovery under state law" and his "original Complaint's mention of EMTALA appears as if it was only stated as a potential ground for breach of the standard of care, rather than asserting a separate claim under EMTALA." *Watson v. IHC Health Servs.*, No. 2:17-CV-1141 TS, 2018 U.S. Dist. LEXIS 25638, at *4 (D. Utah Feb. 15, 2018).

Doc. 18 at 8. This citation suggests Plaintiff is not asserting a claim for violation of EMTALA, but merely a state law negligence claim which references a federal statute for a duty or breach of a duty. *Suazo v. Taos Living Ctr., LLC*, No. 18 CV 00673 JAP/KK, 2018 WL 4773405, at *3 (D.N.M. Oct. 3, 2018). Therefore, the Court ordered Plaintiff to clarify whether he concedes he asserts a federal cause of action under EMTALA, or whether he asserts a state law negligence claim, which refers only to federal statutes to establish the existence of a duty and breach of that duty. *See* Order for Supplemental Briefing, Doc. 28.

Reviewing the briefing as a whole, it appears that Plaintiff admits that he asserts a federal cause of action based on a federal statute, but he argues that such claim is ancillary to the state law medical negligence claims. However, Section 1395dd(d)(2)(A) of the EMTALA statute grants a personal right of action. *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796–97 (10th Cir. 2001); *Repp v. Anadarko Mun. Hosp.*, 43 F.3d 519, 521–22 (10th Cir. 1994) ("Section 1395dd(d)(2)(A)

3

grants a personal right of action to '[a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section.'"); *Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121 (D.N.M. 2014) (finding federal-question jurisdiction over EMTALA claim). The assertion of this federal cause of action under a federal statute is sufficient to grant federal question jurisdiction.

Plaintiff asserts that the EMTALA claim is insubstantial, and his main claims are state law medical negligence claims. An exception to the well-pleaded complaint rule applies where an asserted federal cause of action is wholly insubstantial or frivolous. *Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir. 1999). "If the applicability of the federal statute upon which a plaintiff relies is genuinely at issue, the federal courts possess jurisdiction and should reach the merits of the claim." *Id.* Here, Plaintiff is not arguing that his EMTALA claim is frivolous or wholly insubstantial.

Plaintiff argues that the *Grable* doctrine does not confer federal question jurisdiction in this case, as the EMTALA claim is insubstantial, and the central claims in this case are state law medical negligence claims. Under this doctrine, "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 2366, 162 L. Ed. 2d 257 (2005). This is true "[e]ven though state law creates [a plaintiff's] causes of action" because a "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983), *quoted in Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th

1238, 1257 (10th Cir. 2022). Thus, the *Grable* analysis applies when a plaintiff asserts a state law claim which may contain a substantial question of federal law. Here, the *Grable* doctrine is not at issue as Plaintiff asserts a federal cause of action based on a federal statute.

Plaintiff also argues that EMTALA does not completely preempt a state law negligence claim, and therefore the Court lacks federal question jurisdiction. "Generally, preemption provides a defense, not a basis for removal." *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 852 (6th Cir. 2023), *citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Complete preemption is an exception to the well-pleaded complaint rule, in which federal preemption makes the state claim federal in character." *Salzer*, 762 F.3d at 1134. "Complete preemption is a term of art for an exception (or an independent corollary) to the well-pleaded complaint rule." *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1256 (10th Cir. 2022), *citing Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). "Sometimes complete preemption is also known as artful pleading." *Id.* "If a court concludes that a plaintiff has 'artfully pleaded' claims" by excluding necessary federal questions from the pleadings, "it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). The Supreme Court treats the "artful pleading" and "complete preemption" doctrines as indistinct. *See id.* Thus, "[t]he artful pleading doctrine allows removal where federal law completely preempts an asserted state-law claim." *Id.*

"For the complete-preemption doctrine to apply, the challenged claims must 'fall within the scope of federal statutes intended by Congress completely to displace all state law on the given issue and comprehensively to regulate the area.'" *Devon Energy*, 693 F.3d at 1205 (quoting *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011)). Thus, the statute "must

'so pervasively regulate [its] respective area[ ]' that it leaves no room for state-law claims." *Id*. (quoting *Hansen*, 641 F.3d at 1221 (alterations omitted)). Here, the complete preemption analysis does not apply, as Plaintiff asserts a federal cause of action based on a federal statute, not a state law claim which a defendant argues is completely preempted by a federal statute.

Plaintiff asserts that this removal contradicts the finality of the Court's judgment.  In a prior case in this district, *Harrison v. Wellpath, LLC*, 21-cv-395 (D.N.M), the Court dismissed certain federal claims, declined to exercise supplemental jurisdiction over the remaining claims, and dismissed the remaining claims without prejudice.  Judgment was entered on May 15, 2024, and no appeal was taken. The Court ordered Plaintiff to brief whether some doctrine, such as preclusion or law of the case, prevents this case from being removed, and explain how it applies to the circumstances of this case. Defendant Presbyterian asserts that the law of the case doctrine does not bar the removal of this case. The Court concludes that Plaintiff has not demonstrated that res judicata or the law of the case doctrine should bar the removal of this case.

Therefore, the Court will deny the motion to remand, as the Court has federal question jurisdiction over the EMTALA claim.

It appears that discovery and all relevant briefing was completed in the prior case.  *Harrison v. Wellpath, LLC et al.*, 21-cv-395 (D.N.M.). Defendant Presbyterian suggested the Court could proceed to ruling on the briefing filed in the other case.  However, the Court believes the relevant motions and briefing should be filed in this case for the record. Therefore, the Court will order the parties to resubmit their briefing in this case. The parties may object to proceeding in this manner within fourteen (14) days of the entry of this order.

If the parties do not object, the parties shall file their remaining motions which are relevant to this case within thirty (30) days of the entry of this order.  Responses shall be due within fourteen

(14) days of the filing of the motions.  Replies are due within fourteen (14) days of the filing of

the responses. The motions and relevant briefing should only address claims which are at issue in

this case and were not dismissed with prejudice in the prior case.

    **IT IS THEREFORE ORDERED** that Plaintiff's Moton to Remand (Doc. 18) is

**DENIED**.

    **IT IS FURTHER ORDERED** that the parties shall resubmit their remaining motions and

accompanying briefing as explained above.


                              _____/S/_____
                              KEA W. RIGGS
                              UNITED STATES DISTRICT JUDGE